IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:23-cv-02418-RDB |
| | ) | |
| BALTIMORE COUNTY, MARYLAND | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR ENTRY OF CONSENT DECREE**

In Support of the Joint Motion for Entry of the Consent Decree, Plaintiff United States of America and Defendant Baltimore County, Maryland state as follows:

The Consent Decree ("Decree"), if approved and entered by the Court, resolves all claims raised by the Complaint in this action. The Decree provides for both monetary and non-monetary injunctive relief. Under the terms of the Decree, the Baltimore County Fire Department ("BCFD") will, among other things:

(1) Pay a total of $275,000 to Employees 1 through 11 as referenced in the United States' Complaint filed in this action (referred to as "Relief Participants" in the Decree);

(2) Draft and implement a revised fair practices policy, including an investigative process for complaints of prohibited forms of harassment, discrimination, and retaliation;

(3) Provide live, interactive, annual training on sexual harassment to its employees;

(4) Conduct a workplace climate survey that gathers information related to sexual harassment in the workplace and BCFD policies, procedures, training, and investigations

related to sexual harassment and formulate an action plan to address the issues detailed in the results of the survey.

These items will be shared with the United States for comment and approval as provided under the Decree.  The Decree provides for 30 months of compliance monitoring by the United States.  The Parties have agreed to continued jurisdiction by the Court during the term of the Decree so that they may seek assistance, if necessary, from the Court should any disputes arise under the Decree.

Before entering a consent decree, "the court must satisfy itself that the agreement is 'fair, adequate, and reasonable,' and "is not illegal, a product of collusion, or against the public interest." *U.S. v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999) (quoting *United States v. Colorado*, 937 F.2d 505, 509 (10th Cir. 1991)).  "In considering whether to enter a proposed consent decree, a district court should be guided by the general principle that settlements are encouraged." *U.S. v. North Carolina*, 180 F.3d at 581 (citing *Durrett v. Housing Authority of City of Providence*, 896 F.2d 600, 604 (1st Cir. 1990)).

The Parties submit that the Decree, and its monetary relief and injunctive relief provisions, are fair, adequate, and reasonable to resolve the claim set forth in the United States' Complaint.  They further assert that the settlement negotiated by two government actors is not illegal, a product of collusion, or against the public interest.  Thus, the Parties respectfully request that the Court approve and enter the Decree and retain jurisdiction over this action during the term of the Decree.

Respectfully submitted,

**FOR PLAINTIFF UNITED STATES OF AMERICA:**

| | |
|---|---|
| EREK L. BARRON<br>United States Attorney<br>District of Maryland | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
| */s/ Sarah Marquardt*<br>SARAH MARQUARDT, Bar #17294<br>Assistant U.S. Attorney<br>District of Maryland<br>36 S. Charles St., 4th Fl.<br>Baltimore, MD 21201<br>Phone: (410) 209-4801<br>Fax: (410) 962-2310<br>Sarah.Marquardt@usdoj.gov | KAREN D. WOODARD<br>Chief<br>Employment Litigation Section<br><br>CLARE F. GELLER<br>Deputy Chief<br>Employment Litigation Section<br><br>*/s/ Shan R. Shah*<br>SHAN R. SHAH, DC Bar #1027229<br>SHARION SCOTT, DC Bar #1617438<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Rights Division<br>Employment Litigation Section<br>150 M Street, N.E.<br>Washington, DC 20530<br>Phone (Shah): (202) 598-9621<br>Phone (Scott): (202) 598-5592<br>Fax: (202) 514-1005<br>Shan.Shah@usdoj.gov<br>Sharion.Scott@usdoj.gov<br><br>*Counsel for the United States* |

**FOR DEFENDANT BALTIMORE COUNTY, MARYLAND:**

JAMES R. BENJAMIN, JR., Bar No. #27056
County Attorney

*/s/ Glenn T. Marrow*
Glenn T. Marrow, Bar #23731
Deputy County Attorney

*/s/ Dorrell A. Brooks*
DORRELL A. BROOKS, Bar #27058
Special Assistant County Attorney

Baltimore County Office of Law
400 Washington Avenue, Suite 219
Towson, MD 21204
(410) 887-4420
gmarrow@baltimorecountymd.gov

*Counsel for Baltimore County, Maryland*